**COURT OF APPEAL, FIRST CIRCUIT**
**STATE OF LOUISIANA**

RE: Docket Number 2023-CA-0654

Amanda Jones

- - Versus - -

Citizens For A New Louisiana, Michael Lunsford, and Ryan
Thames

21st Judicial District Court
Case #: 175021
Livingston Parish

On Application for Rehearing filed on   02/08/2024   by Amanda Jones

Rehearing   _denied_

Page McClendon

Chris Hester

_Steve Miller by CHH_
Steven M. Miller

For reasons assigned.
smm by CHH

McClendon, J. dissents and would
grant for the limited and sole purpose of
clarification, for reasons assigned and
attached.

**JUN 2 6 2024**

Date

Rodd Naquin, Clerk

| | |
|---|---|
| **STATE OF LOUISIANA** | **AMANDA JONES** |
| **COURT OF APPEAL** | **VERSUS** |
| **FIRST CIRCUIT** | **CITIZENS FOR A NEW LOUISIANA, MICHAEL LUNSFORD, AND RYAN THAMES** |
| **DOCKET NUMBER** | **2023 CA 0654** |

**MILLER, J.,** denies rehearing. Without changing my position as set forth in my dissent, but for the sake of judicial economy, I vote to deny rehearing.

*Smm by*
*CHH*

1

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CA 0654**

**AMANDA JONES**

**VERSUS**

**CITIZENS FOR A NEW LOUISIANA,
MICHAEL LUNSFORD, AND RYAN THAMES**

**✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱**

**McClendon, J., dissenting on denial for rehearing.**

I would have granted Ms. Jones's application for rehearing for the limited and sole purpose of clarifying our decision regarding the finality of the trial court's October 11, 2022 judgment, which granted the special motions to strike and dismissed with prejudice Ms. Jones's claims against the defendants. In said judgment, the court set a hearing date to determine "an award of reasonable attorney fees pursuant to [LSA-C.C.P. art.] 971(B)." As noted in our original opinion, LSA-C.C.P. art. 971(B) directs that "a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." It is clear from the judgment that the hearing set by the trial court was merely to set the amount of attorney fees, having already determined that an award of attorney fees was mandated. Therefore, the only issue remaining, after rendition of the October 11, 2022 judgment, was the amount of the attorney fees and costs. Given that the trial court retains jurisdiction to "[s]et and tax costs ... and attorney fees" under LSA-C.C.P. art. 2088(A)(10), the October 11, 2022 judgment was a final judgment for purposes of appeal.